**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSE ENRIQUE GUZMAN and JAVIER GUZMAN, individually and on behalf of all others similarly situated,**<br><br>               **Plaintiffs,**<br><br>     **-against-**<br><br>**RCI PLBG, INC., CHRISTOPHER CHIERCHIO, individually, and ROBERT DIMICELI, individually.**<br><br>               **Defendants.** | **Case No: 20 Civ. 9513**<br><br><br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Jose Enrique Guzman and Javier Guzman ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime wages, and other damages for Plaintiffs and all other similarly situated co-workers – foremen who have worked on behalf of RCI PLBG, Inc. ("Foremen").

2.      Owned and operated by RCI PLBG, Inc., Christopher Chierchio, and Robert Dimiceli, (collectively, "RCI" or "Defendants"), RCI provides residential, commercial, and industrial plumbing, heating, fire protection, and maintenance services to its customers.

3.      RCI provides services to customers throughout the New York City area.

4.      Defendants employ Foremen at large construction sites throughout Manhattan and Brooklyn.

5.      Defendants at all times have compensated Plaintiffs and other Foremen on an hourly rate basis.

6.      Plaintiffs and similarly situated Foremen have consistently worked 40 hours or more per workweek.

7.      Despite this, Defendants have instituted a policy and practice in which they failed to pay Plaintiffs and similarly situated Foremen for all hours worked.

8.      Additionally, despite being non-exempt employees, Defendants have failed to properly pay Plaintiffs and other Foremen overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per workweek.

9.      Plaintiffs bring this action on behalf of themselves and all other similarly situated Foremen who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

10.     Plaintiffs also bring this action on behalf of themselves and all other similarly situated Foremen in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

## **THE PARTIES**

### **Plaintiffs**

### **Jose Enrique Guzman**

11.     Jose Enrique Guzman ("Jose Guzman") is an adult individual who is a resident of the State of New York.

12.    Jose Guzman has been employed by Defendants as a foreman since approximately 2013.

13.    Jose Guzman is a covered employee within the meaning of the FLSA and the NYLL.

14.    A written consent form for Jose Guzman is being filed with the Class and Collective Action Complaint.

**Javier Guzman**

15.    Javier Guzman ("Javier Guzman") is an adult individual who is a resident of the State of New York.

16.    Javier Guzman was employed by Defendants as a foreman from approximately 2015 through March 2019.

17.    Javier Guzman is a covered employee within the meaning of the FLSA and the NYLL.

18.    A written consent form for Javier Guzman is being filed with the Class and Collective Action Complaint.

**<u>Defendants</u>**

19.    Defendants jointly employed Plaintiffs and similarly situated employees at all times relevant.

20.    Each Defendant has had substantial control over Plaintiffs' and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

21.    During all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and the NYLL.

**RCI PLBG, Inc.**

22.    RCI PLBG, Inc. is a domestic for-profit corporation organized and existing under the laws of New York.

23.    RCI PLBG, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiffs and similarly situated employees.

24.    At all times relevant, RCI PLBG, Inc. has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

25.    RCI PLBG, Inc. applies the same employment policies, practices, and procedures to all Foremen in its operation, including policies, practices, and procedures with respect to payment of overtime compensation.

26.    Upon information and belief, at all relevant times, RCI PLBG, Inc. has had an annual gross volume of sales in excess of $500,000.

**Christopher Chierchio**

27.    Upon information and belief, Christopher Chierchio ("Chierchio") is a resident of the State of New York.

28.    At all relevant times and upon information and belief, Christopher Chierchio ("Chierchio") has owned and/or operated RCI PLBG, Inc.

29.    Chierchio has been recognized as an owner of RCI PLBG, Inc. in media sources.[1]

30.    Chierchio maintains a direct and significant management role in RCI PLBG, Inc. In this regard, Jose Guzman and Javier Guzman both identify Chierchio as an owner who frequently directs their work.

---

[1] *See* SI Live, https://www.silive.com/news/2019/01/im-100-percent-innocent-si-man-acquitted-of-bid-rigging-denies-mob-allegation.html (last visited Sept. 23, 2020)

31.    At all relevant times, Chierchio has had the power over payroll decisions at RCI PLBG, Inc., including the power to retain time and/or wage records.

32.    At all relevant times, Chierchio has been actively involved in managing the day to day operations of RCI PLBG, Inc.

33.    At all relevant times, Chierchio has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees at RCI PLBG, Inc.

34.    At all relevant times, Chierchio has had the power to transfer the assets and/or liabilities of RCI PLBG, Inc.

35.    At all relevant times, Chierchio has had the power the declare bankruptcy on behalf of the RCI PLBG, Inc.

36.    At all relevant times, Chierchio has had the power to enter into contracts on behalf of RCI PLBG, Inc.

37.    At all relevant times, Chierchio has had the power to close, shut down, and/or sell RCI PLBG, Inc.

38.    Chierchio is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

**Robert Dimiceli**

39.    Upon information and belief, Robert Dimiceli ("Dimiceli") is a resident of the State of New York.

40.    At all relevant times and upon information and belief, Dimiceli has owned and/or operated RCI PLBG, Inc.

41.    Dimiceli identifies himself as the president of RCI PLBG, Inc. on Linkedin[2], and admits to acting as the chief executive officer of Defendant RCI PLBG, Inc. in active litigation.[3]

42.    At all relevant times, Dimiceli has had the power over payroll decisions at RCI PLBG, Inc., including the power to retain time and/or wage records.

43.    At all relevant times, Dimiceli has been actively involved in managing the day-to-day operations of RCI PLBG, Inc.

44.    At all relevant times, Dimiceli has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees at RCI PLBG, Inc.

45.    At all relevant times, Dimiceli has had the power to transfer the assets and/or liabilities of RCI PLBG, Inc.

46.    At all relevant times, Dimiceli has had the power the declare bankruptcy on behalf of RCI PLBG, Inc.

47.    At all relevant times, Dimiceli has had the power to enter into contracts on behalf of RCI PLBG, Inc.

48.    At all relevant times, Dimiceli has had the power to close, shut down, and/or sell the RCI PLBG, Inc.

49.    Dimiceli is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

50.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

---

[2] *See* Linkedin, Robert DiMiceli, https://www.linkedin.com/in/robert-dimiceli-33a69638/ (last visited Sept. 23, 2020)
[3] *See Dector v. RCI Plumbing Corp.*, No. 17 Civ. 02269, ECF No. 33, ¶ 11 (S.D.N.Y. June 30, 2017).

jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

51.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

52.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

53.    Plaintiffs bring the First Cause of Action, an FLSA Claim, on behalf of themselves and all similarly situated persons who work or have worked as Foremen for RCI and who elect to opt-in to this action (the "FLSA Collective").

54.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

55.    Consistent with Defendants' policies and patterns or practices, Plaintiffs and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay for all hours worked beyond 40 per workweek.

56.    All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

57.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiffs and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

## CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring the Second, Third, Fourth, and Fifth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Foremen for RCI in New York between March 29, 2014[4] and the date of final judgment in this matter (the "Rule 23 Class").

59.     The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

60.     There are more than 40 Rule 23 Class Members.

61.     Plaintiffs' claims are typical of those claims that could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

62.     Plaintiffs and the Rule 23 Class Members have all been injured in that they have not been compensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

63.     Plaintiffs are able to fairly and adequately protect the interests of the Rule 23 Class Members and have no interests antagonistic to the Rule 23 Class Members.

64.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented many plaintiffs and classes in wage and hour cases.

---

[4] The statute of limitations was tolled 228 days due to Governor Cuomo's executive order (and continued orders) tolling the statute of limitations from March 20, 2020 through November 3, 2020.

65.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

66.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting Plaintiffs and the Rule 23 Class Members individually and include, but are not limited to, the following:

> (a) whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;
>
> (b) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with proper time of hire wage notices, as required by the NYLL.
>
> (c) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFFS' FACTUAL ALLEGATIONS

67.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs, individually, as follows:

**Jose Enrique Guzman**

68.    Jose Guzman has been employed by Defendants as a "Foreman" from approximately January 2013 to March 2019.

69.    At all times relevant, Defendants paid Jose Guzman on an hourly rate basis.

70.    At all times relevant, Jose Guzman has been a non-exempt employee under the

FLSA and NYLL.

71.    During his employment, Jose Guzman worked the following schedule hours, unless he missed time for vacation, sick days, and/or holidays or obtained additional shifts:

> (a) Monday through Thursday from approximately 7:00 a.m. to 7:30 p.m./8:30 p.m., 8-hour shifts on Saturdays, and some shifts on Sundays.

72.    Despite working at least 40 hours per workweek, Defendants failed to pay Jose Guzman for all hours worked before crossing the overtime threshold.

73.    Defendants paid Jose Guzman for 35 hours per workweek at his regular rate.

74.    In this regard, Defendants paid Jose Guzman for approximately 24 hours weekly via company payroll, and also gave Jose Guzman an additional company check that amounted to another 11 hours of work.

75.    Defendants did not compensate Jose Guzman with the additional 5 hours per workweek owed to him.

76.    Despite regularly working over 40 hours per workweek, Defendants failed to correctly compensate Jose Guzman with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work.

77.    Upon information and belief, Defendants did not provide Jose Guzman with a time of hire notice as required by the NYLL.

78.    Throughout his employment, Jose Guzman received weekly pay stubs from Defendants that did not properly record and/or compensate him for all of the hours that he worked.

79.    In this regard, Defendants failed to provide Jose Guzman with accurate wage statements as required by the NYLL.

**Javier Guzman**

80.    Javier Guzman was employed by Defendants as a "Foreman" from approximately January 2015 until March 2019.

81.    At all times relevant, Defendants paid Javier Guzman on an hourly rate basis.

82.    At all times relevant, Javier Guzman has been a non-exempt employee under the FLSA and NYLL.

83.    During his employment, Javier Guzman worked the following schedule hours, unless he missed time for vacation, sick days, and/or holidays or obtained additional shifts:

> (a) Monday through Thursday from approximately 7:00 a.m. to 7:30 p.m./8:30 p.m., 8-hour shifts on Saturdays, and some shifts on Sundays.

84.    Despite working at least 40 hours per workweek, Defendants failed to pay Javier Guzman for all hours worked before crossing the overtime threshold.

85.    Defendants paid Javier Guzman for 35 hours per workweek at his regular rate.

86.    In this regard, Defendants paid Javier Guzman for approximately 24 hours weekly via company payroll, and also gave Javier Guzman an additional company check that amounted to another 11 hours of work.

87.    Defendants did not compensate Javier Guzman with the additional 5 hours per workweek owed to him.

88.    Despite regularly working over 40 hours per workweek, Defendants failed to correctly compensate Javier Guzman with proper overtime compensation of 1.5 times his regular rate of pay for all hours he was suffered or permitted to work.

89.    Upon information and belief, Defendants did not provide Javier Guzman with a time of hire notice as required by the NYLL.

90.    Throughout his employment, Javier Guzman received weekly pay stubs from Defendants that did not properly record and/or compensate him for all of the hours that he worked.

91.    In this regard, Defendants failed to provide Javier Guzman with accurate wage statements as required by the NYLL.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

92.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

93.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of FLSA Collective.

94.    Plaintiffs and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

95.    Defendants failed to pay Plaintiffs and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

96.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Failure to Pay Agreed Upon Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

97.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

98.    The wage provisions of Article 6 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the Rule 23 Class.

99.    Pursuant to NYLL, Article 6 §§ 190(1); 191(d)(1), Defendants are required to pay Plaintiffs and the Rule 23 Class the wages they have earned in accordance with the agreed terms of their employment, but not less frequently than semi-monthly, on regular pay days designated in advance by Defendants.

100.    Defendants have failed to pay Plaintiffs and the Rule 23 Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiffs' employment.

101.    Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their agreed-upon earned wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

102.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

103.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the Rule 23 Class.

104.     Defendants failed to pay Plaintiffs and the Rule 23 Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

105.     Due to Defendants' violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Time of Hire Wage Notices**
**(Brought on behalf of Jose Guzman, Javier Guzman, and the New York Class)**

106.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

107.     Defendants have failed to supply Jose Guzman, Javier Guzman, and the New York Class with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

108.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Jose Guzman, Javier

Guzman, and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

109.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

110.    Defendants failed to supply Plaintiffs and the Rule 23 Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

111.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated

persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Foremen who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for the RCI.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E. Unpaid minimum and overtime wages, unlawful deductions of wages, liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F. Statutory penalties of fifty dollars for each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G. Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Prejudgment and post-judgment interest;

I.      Reasonable attorneys' fees and costs of the action; and

J.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       November 12, 2020

                              Respectfully submitted,

                              _____
                              Brian S. Schaffer

                              **FITAPELLI & SCHAFFER, LLP**
                              Brian S. Schaffer
                              Dana M. Cimera
                              28 Liberty Street, 30th Floor
                              New York, NY 10005
                              Telephone: (212) 300-0375

                              *Attorneys for Plaintiffs and the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against RCI Plumbing /or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)

## FAIR LABOR STANDARDS ACT CONSENT

1.     I consent to be a party plaintiff in a lawsuit against RCI Plumbing /or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

_____
Full Legal Name (Print)