```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE ENRIQUE GUZMAN,                                        :
Individually and on behalf of all others                    :
similarly situated                                          :
                                                            :
                                  Plaintiffs,               :     20-CV-9513 (JPO) (RWL)
                                                            :
            - against -                                     :     ORDER ON SETTLEMENT
                                                            :
RCI PLBG, INC., et al.,                                     :
                                                            :
                                  Defendants.               :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2022

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Before the Court is the Parties' joint request that the Court approve their settlement agreement (the "Settlement Agreement"), a fully executed copy of which was submitted on March 25, 2022. (Dkt. 38.) This case is an action for money damages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arms-length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

The Court assisted in mediating the settlement of this action and has carefully reviewed the Settlement Agreement as well as the Parties' letter addressing whether the Settlement Agreement is fair and reasonable. Among other attributes, the release of defendants is limited to FLSA and NYLL claims, the non-disparagement provision is mutual and contains appropriate exceptions, and the attorney's fees are reasonable. The

1

Court also has taken into account, without limitation, all prior proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery; whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; and the possibility of fraud or collusion.

      Considering all the circumstances, the Court finds that the Settlement Agreement is fair and reasonable and hereby is approved. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: March 28, 2022
      New York, New York

      Copies transmitted to all counsel of record